IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CYNTHIA R. WRIGHT, Inmate #33853-177,**  )<br>  )<br>          **Petitioner,**   )<br>  )<br>**vs.**     )<br>  )<br>**W.A. SHERROD,**     )<br>  )<br>          **Respondent.**    )<br>  ) | **CIVIL NO. 07-454-JPG** |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Petitioner, an inmate in the Federal Prison Camp at Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief and the petition must be dismissed.

Petitioner seeks habeas relief and injunctive relief on the grounds that the Bureau of Prisons's ("BOP") regulations regarding assignment in a Community Corrections Center ("CCC") violated the notice and comment period requirement of the Administrative Procedure Act ("APA") and on the grounds that the BOP's change in policy reflects an illegal interpretation of the rules. The Seventh

Circuit has held that challenges to the rules used to calculate the amount of time a federal inmate is allowed to spend in a CCC at the end of his sentence is not properly brought in a 28 U.S.C. § 2241 petition, but must be brought under the APA, 5 U.S.C. § 551 et seq. *See Richmond v. Scibana*, 387 F.3d 602, 605-06 (7th Cir. 2004). In *Richmond*, the Court explained that although under certain circumstances a misfiled habeas action could be converted to a civil suit,

> Richmond has not followed any of the rules applicable to prisoners' general civil litigation-not only exhaustion under § 1997e(a) but also payment of the full docket fee, screening through of the three-strikes rule, and the other differences between requests for habeas corpus and general civil litigation. These many differences have led us to say that a petition for habeas corpus may not be "converted" to a civil suit, nor may district judges convert suits in the other direction. *See Copus v. Edgerton*, 96 F.3d 1038 (7th Cir.1996); *Moore v. Pemberton*, 110 F.3d 22 (7th Cir.1997). Instead the judge should leave that option to the litigants, after they know what is at stake. *Cf. Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). In this situation, however, there is no need for a remand so that Richmond may choose. If he were to stick with § 2241, the petition would have to be dismissed because § 2241 is the wrong section; if he were to elect the APA, the petition would have to be dismissed under § 1997e(a) for failure to exhaust administrative remedies. As the two come to the same thing, the district court's judgment must be Affirmed.

*Richmond*, 387 F.3d at 605. Here, Petitioner states unequivocally that she has not sought administrative review at all levels because such review is not required and "does not apply to federal prisoners' habeas corpus actions such as this one." Thus, like the petitioner in *Richmond*, even if the Court were to convert this action to one under the APA, it would be dismissed at the outset for failure to exhaust administrative remedies under section 1997e(a).

Accordingly, the petition must be **DISMISSED.** The dismissal is without prejudice to Petitioner bringing the same claims in a properly-filed action under the APA.

**IT IS SO ORDERED.**

**Dated:  July 23, 2007**

                                                     s/ J. Phil Gilbert  
                                                     **U. S. District Judge**